## STATE vs. JUDGE MORGAN.

### APPLICATION FOR A MANDAMUS.

A mandamus will not lie to the judge of a District Court, commanding him to take jurisdiction, and try a case which he has sent to the Probate Court, on a plea to his jurisdiction.

An appeal lies against a judgment sustaining a plea to the jurisdiction of the court; and also, when it contains an order remanding the case to another court.

This case comes before the court on an application for a mandamus, directed to the Hon. Thomas Gibbs Morgan, judge of the third judicial district, commanding him to take jurisdiction of, and try a certain cause, which he had sent to the Probate Court.

The petitioner, Thomas Richey, states that the succession of Ruth Crosby was opened in the parish of East Baton Rouge, and is administered by the parish judge; that the succession is indebted to him, and payment being refused,

he instituted suit in the Probate Court, and in pursuance of law, the judge recused himself and transferred the suit to the District Court for trial.

The judge of the eighth district presided at the trial, and gave judgment for the petitioner, but granted a new trial.

At the next term, the judge of the district presided, and a plea to the jurisdiction of the District Court being filed, it was sustained by the judge presiding, and the cause was remanded to the Court of Probates. The probate judge admitted an agreement to be entered, that the cause should be reinstated in the District Court.

The judge of the eighth district again presided, and rendered judgment in favor of the petitioner, overruling the plea to the jurisdiction, but granted a new trial.

At the succeeding term the cause came on to be tried before the judge of the district, who decided he was without jurisdiction *ratione materœ*, and again remanded the case to the Court of Probates.

On this state of the case, the petitioner by his counsel, applied for a mandamus.

The district judge, in answer to the rule to show cause why the mandamus should not issue, replied that he was of opinion the Probate Court was the proper jurisdiction, and that although the probate judge was administrator of the estate sued, he had not such an interest in the matter as to recuse himself, or render him incompetent to decide the case.

*Elam*, for the petitioner contended :

1. The probate judge being the administrator of the estate, and recusing himself, suit had to be brought in the Probate Court, and transferred to the District Court. *Session Acts of* 1831, *page* 100.

2. If the District Court was not seized with jurisdiction, the only order which it was competent to render, was to remand the case to the Probate Court, where it properly originated. 7 *Martin, N. S.,* 105.

3. If the District Court erred in remanding the cause, that error cannot be corrected by an appeal. 3 *Martin,* 182.

EASTERN DIST.
*March,* 1838.

STATE
*vs.*
JUDGE MORGAN.

*Code of Practice, article 565, 566.* ' Hence, unless we are heard on the rule, we are without a remedy.

4. Appeals can only be asked of the court that has rendered the judgment ; remanding a cause is not a judgment ; therefore an appeal could not be granted in this case. *Code of Practice, article 573.*

*Martin, J.,* delivered the opinion of the court.

This is an application for a mandamus to the district judge of the third district, before whom the present suit, which is against the judge of probates of the parish of East Baton Rouge, (as administrator of a small estate which he administers under the article 1178 of the Louisiana Code,) is pending.

The suit having been originally brought in the Court of Probates, was transferred to the District Court, under the act of March, 1831. A plea to the jurisdiction of that court having been sustained, the cause was ordered to the Court of Probates. On these facts, the plaintiff prays that a mandamus may be issued, commanding the district judge of the District Court, to try this cause agreeably to law, or show cause to the contrary.

This certainly cannot be done, until the judgment sustaining the plea to the jurisdiction be reversed ; and this cannot be done by this court, until the case is regularly brought before us on an appeal. It is urged, that this court has decided, that no appeal lies on an order for the removal of a cause to another court. In that case, the district judge having been of counsel, recused himself, and ordered the suit to be removed for trial to the adjoining district. An appeal being taken, this court held, that it could not be received, as the order appealed from was not a judgment or decision. It had not altered the situation of the suit, for it was to be removed in *statu quo ;* it decided ·nothing, for whatever questions it offered, remained untouched.

The case under consideration is a very different one. The District Court has given judgment on a plea to its jurisdiction ; this judgment is certainly appealable from, and is not

A mandamus will not lie to the judge of a District Court, commanding him to take jurisdiction, and try a cause which he has sent to the Probate Court, on a plea to his jurisdiction.

An appeal lies against a judgment sustaining a plea to the jurisdiction of the court, and also, when it contains an order remanding the case to another court.

less so because it contains an order for remanding the cause to the Court of Probates. The plaintiff appears to us to have mistaken his remedy, and the mandamus must be refused.